## Case No. 7,377.

### JOHNSON et al. v. CERTAIN GOODS.

[6 Law Rep. 118.]

District Court, D. Massachusetts. 1843.

Theophilus Parsons, for libellants.
William Gray, for claimants.

SPRAGUE, District Judge. This is a libel for salvage; the only question is the amount that shall be allowed. It is a case of derelict. The general rule is to allow one half, but this rule is not inflexible. It seemed to me, on a former hearing, that considering the merit of the service and the amount of property, that the general rule should be so far departed from as to allow the salvors one half and the costs and expenses out of the other half, and a decree was made accordingly. Since that, a claim exceeding four hundred dollars has been made by the government for duties, and the salvors now contend, that the whole amount of this claim should be taken out of the other half, and this on two grounds. (1) That it is but carrying out the spirit of the former decree, and (2) that independent of that decree it would be just and proper. The former decree was made with distinct reference to the costs and expenses then incurred. Their amount was taken into view; no suggestion was made that any claim for duties existed, and it is not to be inferred that had such claim been known, a decree would have passed wholly exonerating the libellants therefrom.

The question now before the court must, therefore, be decided independently of the former decree. The brig Gem sailed from Provincetown fitted for a whaling voyage of twelve months. After being out between two and three months, she fell in with the wreck of the schooner Barr, on a coral reef in the Gulf of Mexico, and, with considerable labor and some peril, saved from her a quantity of merchandise, which they immediately carried to Provincetown, and the same have been sold for $3,831. The only question of fact, which has been much contested at the bar, is, whether the brig returned and broke up her voyage solely for the purpose of saving these goods. That she did in fact return is not denied: but that it was solely for this purpose seems to be negatived rather than proved by the testimony of the salvors themselves, who are permitted in such cases, from necessity, to be witnesses in their own

behalf. Two of them have deposed in this case. One of them says, that the voyage was not utterly abandoned for the purpose of saving these goods, and the other in answer to that inquiry says, that he does not know. Considering the desperate condition of the property which was saved, which in all probability must have been totally lost but for the timely exertions of the salvors, and that there was some peril in rendering those services and considerable labor; and considering the value of the brig and the amount of property saved, I am satisfied with the former decree so far as related to the costs and expenses, but I think that the duties ought to be charged upon the whole property, and should not be thrown wholly upon the half belonging to the claimants. A decree will be entered accordingly.